# THE KRUDYS LAW FIRM

**Mark J. Krudys**
mkrudys@krudys.com

February 19, 2019

<u>**By USPS Express Mail**</u>

Mark W. Sisk, Chairman of the Board
A. Preston Moore, Jr., CEO and Treasurer
Ronald S. Spicer, Vice President
Virginia Community Bankshares, Inc.
114 Industrial Drive
P.O. Box 888
Louisa, VA  23093

A. Preston Moore, Jr., Registered Agent
Virginia Community Bankshares, Inc.
114 Industrial Drive
Louisa, VA  23093

Mark W. Sisk, Chairman of the Board
A. Preston Moore, Jr., President & CEO
Thomas M. Crowder, EVP, CFO, COO, and CPP
James A. Motley, Jr., EVP & CCO
Amy M. Schick, SVP-HR & Corporate Secretary
Virginia Community Bank
P.O. Box 888
Louisa, VA  23093-0888

A. Preston Moore, Jr., Registered Agent
Virginia Community Bank
114 Industrial Drive
Louisa, VA  23093

Re:  1.  **Notification of ERISA Claims Against Fiduciaries of the Virginia Community Bankshares, Inc. Employee Stock Ownership Plan**

  2.  **Request for the Notification of Bond and Insurance Carriers of Such Claims**

  3.  **Request for the Institution of Litigation Holds on Related Documentary Evidence**

Gentlemen and Madam:

I represent Janice A. Moore, a resident of the Commonwealth of Virginia and a recently retired employee of Virginia Community Bank ("VCB"), a wholly-owned subsidiary of Virginia Community Bankshares, Inc. (the "Holding Company"). The Holding Company was the plan sponsor and plan administrator of the Virginia Community Bankshares, Inc. Employee Stock Ownership Plan (the "ESOP").[1] Ms. Moore is a former employee of VCB and participant in the ESOP who has standing under Section 502(a)(2) of the Employee Retirement Income Security Act of 1974 ("ERISA") to file a breach of fiduciary duties claim on behalf of herself and other similarly situated participants (the "ESOP Participants") to recover losses suffered by the ESOP and the ESOP Participants caused by VCB, the Holding Company, the ESOP's trustees, the Holding Company's and VCB's directors and officers, and others with discretionary authority over ESOP management or ESOP assets (collectively, the "Plan Fiduciaries").

Ms. Moore has become aware of possible self-dealing and fraudulent or otherwise ERISA-violative ESOP transactions entered into by certain Plan Fiduciaries with insider information about VCB, the Holding Company, and Holding Company stock, as described in more detail in this letter. These transactions appear to have been entered into between 2006 and 2009, although additional ERISA-violative transactions may have been entered into outside of this timeframe. Ms. Moore has engaged my law firm and three additional law firms, acting as co-counsel, to represent her individually and as a representative of the ESOP Participants to investigate the ERISA causes of action that arise from these transactions (the "ERISA Claims") and to litigate the ERISA Claims and any related claims if a pre-litigation settlement cannot be promptly reached.

**The purpose of this letter is to notify all recipients hereof of the ERISA Claims and any potential related claims so that that they and all other interested parties may (i) notify the ESOP's ERISA Bond carrier and other providers of ERISA fiduciary liability insurance coverage, (ii) notify other providers of insurance that may cover the ERISA Claims or other related claims, such as providers of Directors and Officers liability insurance coverage and Errors and Omissions insurance coverage, and (iii) institute appropriate litigation holds to prevent the destruction or loss of documentary evidence (including both hard copy and electronically stored documentary evidence) related in any way to the facts and circumstances surrounding the ERISA Claims and any other related claims.** I note that fiduciaries who do not conduct themselves in accordance with the ERISA principles of conduct may be ***personally*** liable to restore any losses to the ESOP Participants and to restore any profits made through the improper use of ESOP assets or improper loans to the ESOP in violation of ERISA. Note that I am copying Michael N. Mulkey, Mulkey & Company, P.C., Howe Barnes Hoefer & Arnett, Inc. and its parent company, Raymond James Financial, Inc., and Davenport & Co. of Virginia, Inc. (the "Holding Company and ESOP Service Providers") on this letter solely for the purpose of requesting that they institute the same litigation holds as are requested of you in clause (iii) above; the ERISA Claims are not directed at them. All recipients of this letter, including you and the copied Holding Company and ESOP Service Providers, should, therefore, initiate the litigation holds requested in clause (iii) above.

---

[1] Upon information and belief, the ESOP was terminated and assets were distributed during calendar year 2018; breach of fiduciary duty claims survive the termination of the ESOP.

Certain of these potentially self-dealing and fraudulent or otherwise ERISA-violative transactions took place during calendar years 2007 and 2008. We have confirmed that a lawsuit would not be time barred under ERISA despite the fact that the transactions occurred in 2007 and 2008 because the ESOP Participants did not have actual knowledge of the details of the transactions. In fact, such details appear to have been intentionally hidden from the ESOP Participants. Indeed, Ms. Moore did not become aware that the transactions may have been problematic until late 2014 or early 2015, and she did not have enough information to be able to formulate a complaint about the transactions until February 26, 2017, when she wrote to A. Preston Moore, Jr. to express her concerns.  Even then, because of the lack of disclosure from Plan Fiduciaries, the information available to her was limited.

The transactions in question used an inflated price of $55.00 as the purchase or sale price of Holding Company stock. This price was based on a valuation analysis of Holding Company stock value as of December 31, 2006 prepared by Howe Barnes, Hoefer & Barnett (the "Valuation Advisor") and dated March 19, 2007 (the "December 31, 2006 Valuation"). The $55.00 stock value determination in the December 31, 2006 Valuation is substantially higher than the OTC trading price *has ever been* for trades of Holding Company stock, both before and since December 31, 2006.  Moreover, the December 31, 2006 Valuation does not appear to have taken into account material considerations related to the financial health of the Holding Company and VCB, including a troubled loan portfolio.

To date, we have identified the following ERISA fiduciary breaches and prohibited transactions that occurred or likely occurred in 2007 and 2008:

1.      Failure of the ESOP trustees and other Plan Fiduciaries to provide complete, accurate, and current information to the Valuation Advisor and, perhaps, other valuation advisors necessary to value Holding Company stock.

2.      Failure of the ESOP trustees to undertake a prudent, independent investigation, as required by ERISA, to evaluate and assess the $55.00 per share December 31, 2006 Valuation and a subsequent valuation of $39.15 per share as of December 31, 2007 to determine (a) whether or not each was reasonably justified and not in excess of fair market value, based not only on information contained in each valuation report, but also on information known to the ESOP trustees, other Plan Fiduciaries, and other insiders at the time, and (b) whether or not a reliance on the December 31, 2006 Valuation and any subsequent valuation as of December 31, 2007 for the 2007-2008 transactions was legally permissible and in the ESOP Participants' best interests.

3.      Collusion between the ESOP trustees and certain Plan Fiduciaries to establish an inflated $55.00 per share valuation as of December 31, 2006 and, perhaps, an inflated $39.15 per share valuation as of December 31, 2007 for the purpose of processing ESOP account distributions to such Plan Fiduciaries and insiders in 2007 and 2008 in connection with their

3

retirements or other terminations (certain of which may or may not have been *bona fide* separations from service entitling such individuals to distributions at all).²

5. One or more sales of Holding Company stock by certain Plan Fiduciaries and insiders to the ESOP trustees, directly or indirectly, based on the December 31, 2006 Valuation and a December 31, 2007 valuation. Under the terms of the ESOP, applicable regulations under ERISA and the Internal Revenue Code, and well-established guidance from the Department of Labor, any transaction between the ESOP and a Plan Fiduciary, an insider, or other party in interest is a prohibited transaction unless the price paid for the stock is not more than adequate consideration. Adequate consideration, in turn must be determined based on a contemporaneous valuation of the plan sponsor's stock and supported by a fairness opinion from the valuation expert. Any reliance on the December 31, 2006 valuation -- even assuming it was accurate – for any purpose other than determining distributions to be made to employees who had a bona fide retirement or other separation from service during the 2006 plan year was both a breach of fiduciary duty and a prohibited transaction. Likewise, any reliance on a December 31, 2007 valuation for any purpose other than determining distributions to be made to employees who had a bona fide retirement or other separation from service during the 2007 plan year was both a breach of fiduciary duty and a prohibited transaction.

6. Approval by Plan Fiduciaries of one or more non-exempt insider loans from VCB to the ESOP to satisfy the Holding Company's repurchase obligations in connection with retiring or otherwise terminated employees (again, certain of these separations from service may not have been *bona fide*) and/or otherwise to purchase 44,800 or more shares of stock. A loan is not an exempt loan under ERISA section 408 and 29 CFR § 2550.408b-3 unless (a) the loan proceeds are used to acquire qualifying employer securities held outside the ESOP trust (e.g., loan proceeds cannot be used by an ESOP trustee to provide cash to fulfill the plan sponsor's repurchase obligation and then re-allocate shares already held in trust to other plan participants); (b) the acquisition price is not more than adequate consideration; and (c) the price per share is based on a contemporaneous valuation and documented in a fairness opinion provided by a qualified appraiser.

7. Failure of the Plan Fiduciaries to act in the best interest of the Plan Participants by approving loan terms that required ongoing loan payments from ESOP plan assets to insider VCB for an extended term based on the inflated $55.00 per share valuation and, perhaps, on an inflated $39.15 per share valuation, causing the ESOP to incur substantial interest expense and other diminution in the value of plan assets.

8. ESOP account diversification put sales of ESOP stock at an inflated $55.00 per share value and a potentially inflated $39.15 per share value by certain Plan Fiduciaries who had actual knowledge that the price per share was inflated.

The Plan Fiduciaries appear to have violated numerous provisions of ERISA, including without limitation 29 U.S.C § 1104(a)(1)(A)(requiring discharge of duties solely in the interest of plan participants and beneficiaries), § 1104(a)(1)(B) (requiring prudence and diligence in

---

² Distributions made to employees who do not have a ***bona fide*** separation from service adversely affects the tax-qualified status of the ESOP.

management of a plan), and § 1106(a)(1) (prohibiting certain transactions between the plan and parties in interest). Moreover, the actions taken by the Plan Fiduciaries jeopardized the tax-qualified status of the Plan under Internal Revenue Code § 401(a). The ERISA Claims may not be limited to the transactions described above if a lawsuit ensues and the litigation discovery process reveals additional self-dealing transactions or other breaches of ERISA fiduciary duties or other violations of applicable federal or state law.

    My client, Ms. Moore, will, on behalf of the Plan Participants, seek to make the Plan Participants whole for the losses they have incurred by filing an ERISA cause of action in the United States District Court for the Eastern District of Virginia. We will seek an order requiring the Plan Fiduciaries to rescind and undo the prohibited transactions in which they participated and disgorge any and all profits and financial benefits they received as a result of their participation in the ERISA violations, plus interest. In addition, Ms. Moore will, to the extent available, assert all federal (non-ERISA) and state legal causes of action and seek all available remedies in relation to the facts and circumstances surrounding the ERISA Claims. Based on a preliminary review, and subject to further investigation and evaluation, the loss to ESOP Participants is estimated to exceed the $2.5 million fidelity bond covering the ESOP.

    If desired and requested by the recipients of this letter or their attorneys **no later than 5:00 p.m. on March 1, 2019**, we would consider postponing the commencement of litigation for the purpose of engaging in pre-litigation settlement discussions so as to minimize legal expenses and negative publicity for VCB and the Holding Company. Such a postponement and discussions would require, as conditions thereof, that we be given full access to information and documentation withheld from ESOP Participants to date and that a mutually acceptable tolling agreement be executed.

    Please confirm your receipt of this letter, and promptly take all steps necessary to ensure that bond and insurance coverage will be available to the individuals and entities involved in the transactions described above and to ensure that appropriate litigation holds are put in place to preserve documentary evidence. Please contact me or have your attorney(s) contact me if you have questions. Thank you for your prompt attention to this matter.

                                               Sincerely,

                                               Mark J. Krudys

cc:    Janice A. Moore
        Marie D. Carter, Esq.
        Jeffrey A. Sanborn, Esq.
        Michael N. Mulkey, Mulkey & Company, P.C.
        Howe Barnes Hoefer & Arnett, Inc.
        Raymond James Financial, Inc.
        Davenport & Co. of Virginia, Inc.